# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ERIC MONTGOMERY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D18-2379 and 4D18-3102

[April 20, 2022]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Maxine Holmes and Marina Garcia-Wood, Judges; L.T. Case Nos. 12-002688CF10A and 11004387CF10A.

Antony P. Ryan, Regional Counsel, and Louis G. Carres, Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

This consolidated appeal arises from the defendant's conviction on two counts of first-degree murder, one count of attempted second-degree murder, possession of a firearm by a felon, and in the consolidated case, the revocation of probation. The defendant makes three arguments. The trial court erred in: (1) awarding the State an additional peremptory challenge; (2) denying the defendant's motion to reduce his first-degree murder charges; and (3) denying a motion for new trial based on a sequestered juror incident. We find no merit in any of the arguments raised and affirm.

The murders resulted from a domestic argument among the defendant, his wife, stepdaughter, and daughter. The defendant's grandmother and sister went over to the home to calm things down. But instead, the defendant was angered by his grandmother and sister's presence; he

demanded they leave. The defendant told his grandmother: "I know how to get you out of here."

The defendant went to his bedroom and grabbed a rifle. The sister testified the defendant approached his wife with the gun and said: "I should shoot you." The defendant then argued with his stepdaughter and shot her. She fell to the floor where the defendant shot her seven more times.

The grandmother sheltered in the laundry room with the wife. The defendant entered the laundry room and repeatedly told his grandmother to move. The defendant then attempted to physically drag his grandmother away from his wife. When he could not separate the women, he started shooting his wife. One bullet went through the wife's body and struck the grandmother. The wife suffered seven to eight bullet wounds and died. The grandmother survived.

The State charged the defendant with two counts of first-degree murder for the deaths of the wife and the stepdaughter, one count of attempted second-degree murder for the wounded grandmother, and possession of a firearm by a felon. The jury found the defendant guilty of all charges.[1]

- ### *The Additional Peremptory Challenge*

During jury selection, both parties used all ten peremptory challenges. The defendant then challenged a prospective juror for cause because the juror would not meaningfully answer an inquiry regarding a bad childhood as a mitigating factor. The court denied the cause challenge.

The defendant asked for an additional peremptory challenge to use on the juror. The court granted the additional peremptory challenge but also gave an additional challenge to the State so the challenges would remain equal. The State used its additional peremptory challenge to strike a juror whom the defendant wanted.

The defendant argues his additional peremptory challenge was a "remedy" for the "erroneous denial" of his cause challenge.[2] Therefore, he

---

[1] The defendant was sentenced to life in prison. In a separate case now consolidated with the present appeal, the defendant's probation was revoked based upon his convictions.

[2] The defendant's suggestion that the court granted an additional peremptory challenge as a remedy is misleading. The court explicitly stated, "I'm not

argues the court erred in granting an additional peremptory challenge to the State. The State responds there was no error. We agree with the State.

A "trial judge has discretion to grant or deny additional peremptory challenges." *McCray v. State*, 220 So. 3d 1119, 1123 (Fla. 2017) (quoting *Parker v. State*, 456 So. 2d 436, 442 (Fla. 1984)). In fact, we have concluded error occurs when the trial court grants unequal peremptory challenges to the parties. *See St. Paul Fire & Marine Ins. Co. v. Welsh*, 501 So. 2d 54 (Fla. 4th DCA 1987).

Here, the trial court did not abuse its discretion in awarding the State a peremptory challenge after granting the same to the defendant.

- ### *The Denial of Defendant's Motion to Reduce the First-Degree Murder Charges to Second-Degree Murder*

After the State rested, the defendant moved to reduce the first-degree murder charges to second-degree murder, arguing there was insufficient evidence of premeditation. The defendant primarily relied on the grandmother's statement that she did not recognize the defendant because of his rage. The court denied the motion. The defendant now argues the court erred in denying his motion.

"A 'motion to reduce charge' is governed by the same standards that govern a motion for judgment of acquittal, as both challenge the sufficiency of the evidence." *Williams v. State*, 70 So. 3d 726, 730 (Fla. 4th DCA 2011). We have de novo review of such decisions. *Id.*

In *Bush v. State*, 295 So. 3d 179, 200–01 (Fla. 2020), our supreme court explained:

> The standard of review historically applied to a determination of the legal sufficiency of evidence to support a criminal conviction, at least where there is some direct evidence, is simply whether the State presented competent, substantial evidence to support the verdict. To apply this standard to a criminal case, an appellate court must "view[ ] the evidence in the light most favorable to the State" and, maintaining this perspective, ask whether "a rational trier of fact could have found the existence of the elements of the crime beyond a

conceding error, Counsel. I just want the record to be reflective of that. It's discretionary with this trial court, and I'm just trying to humor you."

reasonable doubt." This standard should now be used in all cases where the sufficiency of the evidence is analyzed.

*Id.* (alteration in original) (citations omitted); *see also Rodriguez v. State*, 46 Fla. L. Weekly D2501 (Fla. 3d DCA Nov. 24, 2021).

The defendant challenges only the proof of premeditation. "Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act." *Asay v. State*, 580 So. 2d 610, 612 (Fla. 1991).

Here, the sister testified that prior to the shooting, the defendant told his wife: "I should shoot you." The defendant also told his grandmother: "I know how to get you out of here" and then proceeded to grab his rifle. The defendant returned with the rifle and continued to argue with his stepdaughter before shooting her eight times. He then proceeded to track down his wife in the laundry room where he repeatedly told his grandmother to move and attempted to drag his grandmother away so he could shoot his wife. Unable to move the grandmother, the defendant shot his wife seven to eight times.

Put simply, viewing the evidence in the light most favorable to the State, the evidence was sufficient to support the jury's premeditation finding. *Bush,* 295 So. 3d at 200–01. The trial court did not err in denying the defendant's motion to reduce the charges.

- *The Sequestered Juror*

The jurors were sequestered in a hotel during the guilt phase of trial. Around 3:30 a.m., a hotel employee slipped an invoice underneath a juror's door. The officer on duty confronted the employee and led her away from the room. While the officer was on the phone with her supervisor, the employee returned and entered the room to retrieve the invoice. The juror woke up to the sound of the employee entering. She began sobbing and was visibly shaken.

The juror did not immediately inform the judge of the incident because she thought the officer would handle it. The juror returned to finish the deliberations. The jury found the defendant guilty on all counts.

After the trial's guilt phase, the juror left a message with the judge's office stating: "[The juror] is uncomfortable being sequestered again in

July because during the first sequestration a hotel staff member entered her room at 3:30 a.m. by mistake and nobody was guarding her door."

Post-trial, the defendant orally moved for a new trial. After hearing the juror's and the officer's testimony, the court determined the sequestration incident did not "rise[] to the level of a new trial." The court denied the motion.[3]

On appeal, the defendant argues the sequestered juror incident warranted a mistrial or new trial. The State responds that the defendant was not prejudiced by the sequestered juror incident. That is the same conclusion the trial court reached, and so do we.

The standard of review of a judge's ruling on a motion for mistrial or new trial is abuse of discretion. *Hudson v. State*, 278 So. 3d 257, 260 (Fla. 4th DCA 2019).[4] "[T]he power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done only in cases of absolute necessity." *England v. State*, 940 So. 2d 389, 402 (Fla. 2006) (quoting *Thomas v. State*, 748 So. 2d 970, 980 (Fla. 1999)). Absent evidence to the contrary, the jury presumably follows the law as instructed. *Lowe v. State*, 259 So. 3d 23, 52 (Fla. 2018).

The judge and both attorneys questioned the juror and found she had no communications with the employee who entered her room. In fact, the juror had no idea what happened other than that someone opened and closed her door. The defendant focuses on the juror's expression of fear at the time of the incident, and her request not to be sequestered for the subsequent penalty proceedings. But the defendant essentially conceded he cannot know if the incident was prejudicial to him.

Even though this was indeed a strange set of facts, there is no proof that it either affected the deliberations the next day or prejudiced the defendant in any way. The trial court therefore did not err in denying the defendant's motion.

*Affirmed.*

---

[3] The court replaced the juror for the subsequent penalty proceedings.
[4] At the hearing, defense counsel verbally moved for a mistrial/new trial. The trial court verbally denied the motion for new trial. On appeal, the defendant argues the trial court erred in denying his motion for mistrial and new trial. Because our standard of review is the same for both motions, the result in this case is also the same.

GROSS and CIKLIN, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***